**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MICHAEL ASAMOAH | |
|     Plaintiff, | Case No. _____ |
|     v. | Judge _____ |
| JEFF BEZOS | |
|     Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Jeff Bezos ("Defendant") hereby gives notice that the action captioned *Michael Asamoah v. Jeff Bezos,* Case No. 22 CV 00 4540 in the Court of Common Pleas of Franklin County, Ohio (hereinafter, "the Action") has been removed to the United States District Court for the Southern District of Ohio.

## PROCEDURAL HISTORY

1.    Defendant is named in a civil action filed in and presently pending before the Court of Common Pleas of Franklin County, Ohio at Case No. 22 CV 00 4540.  Although Defendant has not yet been properly served with a copy of the Summons and Complaint in this action, copies of all pleadings and orders otherwise obtained are attached as Exhibit ("Ex.") A. *See* 28 U.S.C. § 1446(a).  In the Complaint, Plaintiff asserts claims of discrimination based on his race, ancestry or national origin, and disability status and claims for retaliation and wrongful discharge.  He asserts all claims under Ohio Rev. Code § 4112 and the Fourteenth Amendment of the Ohio Constitution.

2.    Plaintiff filed his Complaint on June 29, 2022 but has not properly served Defendant as required by Ohio law.  On or about July 14, 2022, a copy of the Complaint, which had been sent via ordinary mail addressed to Bezos, was received at the Seattle, Washington

headquarters of Amazon.com Services, Inc.  This was the first document Defendant received that provided notice claims had been filed against him.

3.  Plaintiff's attempt to send copies of the Complaint to Defendant by ordinary mail is deficient under the Ohio Rules of Civil Procedure ("Rule") for several reasons.

a.  First, the rules governing service of process require Plaintiff serve both the Summons and Complaint on Defendant.  *See* Rule 4; *see also Steele v. United States*, No. 1:19-CV-00705, 2019 WL 6712024, at *4 (S.D. Ohio Dec. 10, 2019), *report and recommendation adopted,* No. 1:19-CV-705, 2020 WL 1042529 (S.D. Ohio Mar. 4, 2020) ("one does not become a party to a case, and is not required to take action in that capacity, until both the summons and the complaint have been served on the individual or entity.").  Here, however, Plaintiff only improperly served the Complaint by ordinary mail on Defendant, and available court records show the Franklin County Clerk has not yet issued the summons.  *See* Ex. A.

b.  Second, the Rules generally require service of an individual be made on that individual, not at their place of business.  Rule 4.2(A) ("Service of process pursuant to Civ.R. 4 through Civ.R. 4.6 . . . shall be made . . .(A) Upon an individual . . . by serving the individual.").  While there is an exception permitting service at an individual's place of business, that exception applies only where "the party being served [has] a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served," *Bailey v.*

*Ruehlman*, No. 3:16-CV-5, 2016 WL 5791671, at \*2 (S.D. Ohio Oct. 4, 2016), *report and recommendation adopted*, No. 3:16-CV-5, 2016 WL 6298406 (S.D. Ohio Oct. 27, 2016).  Plaintiff has not made such a showing here.

c.  Finally, the Rules only permit service by ordinary mail after service by certified mail has been attempted and was unsuccessful.  Rules 4.1, 4.3, 4.6. Here, Plaintiff requested the Clerk's Office serve Defendant by ordinary mail at the onset of the case.  *See* Ex. A, 7/27/22, Request for Service.  The Clerk followed this instruction and attempted service via ordinary mail.  *See* Ex. A, 7/7/22, Proof of Service Issued – Ordinary Mail.  Therefore, service was improper.  *See Michael Asamoah v. TS Tech Americas, Inc*., Case No. 20-CV-8157, (Ohio Comm. Pleas Dec. 21, 2020) at 7/27/21 ("Ordinary mail was legally ineffective, because certified mail service must be used first under the Ohio Rules of Civil Procedure"); *Michael Asamoah v. TS Tech Americas Inc.*, Case No. 22-CV-002317 (Ohio Comm. Pleas Apr. 12, 2022) at Dkt 5/17/22 ("While the docket reflects that the summons and complaint were sent via ordinary mail to Defendant, ordinary mail only constitutes valid service following a return of certified mail service as refused or unclaimed. There is no such return on the docket, here.")

4.  Because Defendant has not been properly served, no deadline for removal of this action exists, and removal is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that a defendant's time to remove is triggered by formal service of process, "not by mere receipt of the complaint

unattended by any formal service"); *Foley v. Surbella*, No. CIV.A. 2:05-CV-208, 2006 WL 2129818, at *1 (S.D. Ohio June 17, 2006) (deadline to remove did not commence until defendant was formally served with process); *Lundeen v. State Med. Bd. of Ohio*, No. 2:11-CV-1128, 2012 WL 1606654, at *4 (S.D. Ohio May 8, 2012), *report and recommendation adopted*, No. 2:11-CV-1128, 2012 WL 2930836 (S.D. Ohio July 18, 2012) ("The fact that a defendant may have received actual notice of the filing of the action cannot substitute for proper service of process."); *Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2013 WL 12309310, at *2 (E.D. Mich. Nov. 25, 2013) (finding that 30-day period to file notice of removal never commenced because defendant was not properly served); *Wheeler v. Fed. Nat'l Mortg. Ass'n*, No. 12-13685, 2013 WL 449918, at *3 (E.D. Mich. Jan. 4, 2013) (noting that the "30-day period [to remove] was not triggered until service had been properly effected").

5.       To the extent that this Court deems service upon Defendant as proper, removal is still timely pursuant to 28 U.S.C. § 1446(b)(1), because this Notice of Removal is filed within thirty (30) days after Defendant's receipt of a copy of the Complaint through service or otherwise.

I.       **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION (DIVERSITY JURISDICTION) UNDER 28 U.S.C. § 1332(A)**

6.       Federal district courts have "original jurisdiction" over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

A.       **Complete Diversity of Citizenship Exists**

7.       Under the federal diversity jurisdiction statute, there must be complete diversity of citizenship between the parties – meaning no plaintiff is a citizen of the same state as any one

4

defendant. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

8.    A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

9.    Upon information and belief, Plaintiff is a citizen of Ohio. *See* Ex. A, Complaint at ¶ I. A ("Plaintiff resides in the City of Columbus in the State of Ohio and is a citizen of the United States of America."). Defendant is a citizen of the State of Washington.

10.    As such, complete diversity of citizenship exists between all parties under 28 U.S.C. § 1332(a).

**B.    The Amount in Controversy Exceeds $75,000**

11.    Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

12.    While Defendant denies Plaintiff's factual allegations and denies Plaintiff is entitled to the relief he seeks in the Complaint, it is clear the amount in controversy exceeds $75,000. *See Davis v. Kindred Nursing Centers East, LLC.*, No. 05-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") (citation omitted).

13.    The Complaint asserts claims of discrimination based on race, national origin or ancestry and disability status and retaliation and wrongful discharge in violation of Ohio Rev. Code § 4112.01 and the Fourteenth Amendment of the Ohio Constitution.

14.     Plaintiff seeks an award of "[t]hirty-five million Dollars ($35,000,000) in total damages." *See* Ex. A, Complaint at ¶VII. Relief 19.

15.     Plaintiff seeks relief in the form of back pay and unpaid wages, wage loss, lost earnings and benefits, front pay, lost medical and dental insurance, lost retirement plan benefits, lost stock options and profit sharing, job-search costs, special and punitive damages, emotional and medical damages, and "compensatory damages, liquidated and unliquidated on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses." *See* Ex A, Complaint at¶ ¶ VII. Relief 4-18.

16.     Moreover, this is Plaintiff's fifth attempt to bring claims alleging near identical facts as alleged here related to his termination of employment from Amazon.com Services, LLC ("Amazon").[1]  In Plaintiff's previous lawsuits, he has alleged identical claims against Amazon as he now does against Defendant.

17.     Specifically, on June 30, 2020, Plaintiff initiated a federal lawsuit in the United States District Court for the Southern District of Ohio.  The complaint in that case asserts claims of race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Americans with Disabilities Act ("ADA"), breach of contract, and intentional infliction of emotional distress.  *See* Ex. B, *Asamoah v. Amazon.com Services, Inc.*, No. 2:20-cv-03305 (S.D. Ohio) at Dkt. 1.  There, Plaintiff asserted, "the matter in controversy exceeds the sum or value of $75,000." *Id.* at ¶ II.F.

---

[1] In each of these lawsuits, Amazon is improperly named as Amazon.com Services, Inc.

6

18.     On or about November 25, 2020, Plaintiff initiated his second lawsuit against Amazon in the Court of Common Pleas of Franklin County, Ohio, alleging claims of discrimination based on his race, ancestry or national origin, and disability status.  He also asserted claims of wrongful discharge, unlawful retaliation, and intentional infliction of emotional distress. *See* Ex. C, *Asamoah v. Amazon.com Services, Inc.*, No. 2:21-cv-00003 (S.D. Ohio) at Dkt. 5.  Amazon promptly removed the second action to the Southern District of Ohio.

19.     On July 27, 2021, Plaintiff initiated a third lawsuit against Amazon in the United States District Court for the Southern District of Ohio alleging near identical facts as alleged in his two previous actions.  The complaint in that case asserts claims of race and national origin or ancestry discrimination in violation of the Equal Protection Clause of the Fourteenth and Fifth Amendments of the United States Constitution, disability discrimination in violation of the American with Disabilities Act ("ADA") and the Equal Protection Clause of the United States Constitution, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Equal Protection Clause of the Fourteenth and Fifth Amendments, and retaliation under Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the United States Constitution. *See* Ex. D, *Asamoah v. Amazon.com Services, Inc.*, No. 2:21-cv-04025 (S.D. Ohio) at Dkt. 1-1.  There, Plaintiff asserted, "the matter in controversy exceeds the sum or value of $75,000." *Id.* at ¶ II.G.

20.     On August 23, 2021, Plaintiff initiated a fourth lawsuit against Amazon in the United States District Court for the Southern District of Ohio alleging near identical facts as alleged in his three previous actions.  The complaint in that case asserts claims of discrimination based on his race, ancestry or national origin, and disability status and claims for retaliation and wrongful discharge under Ohio Rev. Code § 4112 and the Fourteenth Amendment of the Ohio

Constitution.  *See* Ex. E, *Asamoah v. Amazon.com Services, Inc.*, No. 2:21-cv-04025 (S.D. Ohio) at Dkt. 1-1.

21.     Therefore, Defendant believes and avers that the total amount in controversy exceeds $75,000 based on the claims and the damages Plaintiff seeks.

22.     Accordingly, because the parties are diverse and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this action is properly removed on diversity grounds under 28 U.S.C. § 1441(a), (b).

## II.     VENUE IS PROPER

23.     This Court is the District Court of the United States for the district and division encompassing the place where this action is currently pending.

## III.     STATE COURT DOCUMENTS ARE ATTACHED

24.     In accordance with 28 U.S.C. § 1446(a), Defendant has attached hereto  all process, pleadings, and orders sent to Defendant and of record with the Court of Common Pleas of Franklin County, Ohio.  *See* Ex. A.

## IV.     DEFENDANT WILL PROVIDE NOTICE TO THE STATE COURT

25.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Franklin County, Ohio, and is being served on all adverse parties.

26.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including jurisdictional defenses and defenses related to service.

WHEREFORE, Defendant respectfully requests this action be removed from the Court of Common Pleas of Franklin County, Ohio, and respectfully requests this Court accept jurisdiction

8

over this civil action; and that this civil action be entered on the docket of this Court for further

proceedings as though this civil action had originally been instituted in this Court.

Dated:  August 11, 2022                                  MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew J. Barber*
        Andrew J. Barber (OH #0091160)
        andrew.barber@morganlewis.com
        One Oxford Centre
        Thirty-Second Floor
        Pittsburgh, PA 15219-6401
        Telephone:+1.412.560.7449
        Facsimile:+1.412.560.7001

        *Trial Attorney for Defendant Bezos*

## CERTIFICATE OF SERVICE

I certify that on August 11, 2022 the foregoing was served via email and on August 12, 2022 the foregoing was served via U.S. Mail upon the following:

Michael Asamoah
2721 Woodcroft Road
Columbus, Ohio 43204
asamoahm81@yahoo.com

*s/ Andrew J. Barber*
Andrew J. Barber